## LEE JONES v. STATE.

No. A-6980. Opinion Filed Oct. 26, 1929.
(281 Pac. 988.)

J. M. Bishop and C. S. Gilkerson, for plaintiff in error.

The Attorney General, for the State.

DAVENPORT, J. The plaintiff in error, hereinafter called the defendant, was convicted in the district court of Beckham county, on a charge of murder, and was sentenced to the penitentiary at McAlester, for life. Motion for new trial was filed, considered, and overruled; exceptions saved; and appeal taken from the judgment and sentence of the trial court. Petition and case-made was filed in this court on April 14, 1928. Under the rules of this court where the appeal is not supported by brief it is assumed that the appeal has been abandoned or is without merit. The court will carefully examine the record to ascertain whether or not any fundamental or prejudicial errors were committed by the trial court.

The testimony on behalf of the state, in substance, tends to show that the deceased was living with his wife and children in one room of a two room house, and that the defendant was living with his brother, Argle Jones and wife, in the adjoining room. Some difficulty came up between the families. The wife of the deceased testified to having seen Lee Jones shoot her husband, and also testified that the brother of the defendant or some one struck her over the head with a gun. The testimony of the Doctor and other witnesses show that the wife of the deceased had a cut on her head and that the blood flowed freely. Argle Jones, a brother of the defendant, testified that when the trouble arose between the defendant and the deceased, the wife of the deceased came out of their room of the house with a shotgun, and that Jewel Jones, the wife of Argle Jones, got hold of it, and they scuffled over the gun, and finally the deceased got hold of the gun

and wrenched it out of Jewel Jones' hands. The brother of the defendant, Argle Jones, testified that the deceased wrenched the gun from the hands of Jewel Jones, his wife, and pointed it at him and told him he was going to kill him; that he reached back in the room of his house and got his gun and shot the deceased.

The testimony in this case is conflicting as to who fired the shot that took the life of the deceased. It was all submitted to the jury, and this court has repeatedly held that, where there is any competent testimony to go to the jury, though conflicting, it will not disturb the verdict.

We have carefully examined the record and find that the information charges an offense; that the evidence is sufficient to sustain the judgment; the court in its instructions correctly gave the jury the law as applied to the facts in the case; that the defendant was accorded a fair and impartial trial. Finding no prejudicial or fundamental errors in the record, the judgment is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.